UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Ashley Williams,<br><br>                    Plaintiff,<br><br><br><br>   -v.-<br><br>Weltman, Weinberg & Reis Co., L.P.A.,<br><br>                  Defendant(s). | Civil Action No: 4:21-cv-254<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ashley Williams (hereinafter referred to as "Plaintiff") brings this Complaint by and through her attorneys, against Defendant Weltman, Weinberg & Reis Co., L.P.A., (hereinafter referred to as "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action pursuant to § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Leon.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with its principal location at 965 Keynote Circle, Cleveland, OH 44131.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Upon information and belief, on a time better known to Defendant five separate obligations were allegedly incurred by Plaintiff to the creditor, SLM Private Education Loan Trust 2012-A. The loan servicer is Navient Solutions, Inc. The subject debts were allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically educational loans.

12. Upon information and belief, the creditor and/or loan servicer contracted with Defendant to act as its agent in collecting the subject debt from the Plaintiff.

13. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

14. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. Defendant was contracted by the original creditor and/or loan servicer for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation*

16. On or about September 19, 2018, the Defendant sent the Plaintiff an initial collection letter ("Letter for Debt 1") regarding the alleged debt for an account ending in 0106 with a balance of $20,965.85.

17. On or about September 19, 2018, the Defendant sent the Plaintiff an initial collection letter ("Letter for Debt 2") regarding the alleged debt for an account ending in 0110 with a balance of $29,111.25.

18. On or about September 19, 2018, the Defendant sent the Plaintiff an initial collection letter ("Letter for Debt 3") regarding the alleged debt for an account ending in 0108 with a balance of $20,401.16.

19. On September 28, 2018, and squarely within 30 days of receipt of Defendant's notice, Plaintiff disputed all three debts with the Defendant with an initial cease and desist letter. The Defendant received the cease and desist on October 4, 2018.

20. Defendant continued to call and harass Plaintiff even after receiving a demand to stop all communication.

21. On October 23, 2018, Plaintiff sent a second Affidavit to Defendant demanding that Defendant stop all mail, email, phone calls and any other type of contact regarding the alleged debts.

22. Defendant continued to call and harass Plaintiff even after receiving a second demand to stop all communication. Defendant failed to provide verification of the debts.

23. Plaintiff sent a third communication to Defendant to cease all communication regarding the alleged debts, which was received by Defendant on June 20, 2020.

24. On or about June 26, 2020, the Defendant sent the Plaintiff an initial collection letter ("Letter for Debt 4") regarding the alleged debt for an account ending in 0102 with a balance of $22,030.60.

25. On or about June 26, 2020, the Defendant sent the Plaintiff an initial collection letter ("Letter for Debt 5") regarding the alleged debt for an account ending in 0110 with a balance of $31,010.00.

26. Defendant continued to call and harass Plaintiff even after receiving a demand to stop all communication. Defendant failed to provide verification of the debts.

27. Plaintiff does not owe any of these five alleged debts and yet has been contacted on a frequent basis by Defendant, continually harassing Plaintiff to pay debts that do not belong to Plaintiff.

28. Plaintiff has tried on several occasions to dispute the debt and Defendant continues to attempt to collect the debts none-the-less without providing any verification of the debts beforehand.

29. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

30. Defendant's collection efforts with respect to the alleged debts caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

31. Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

32. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond to or handle Defendant's debt collection.

33. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to her detriment.

34. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

35. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

36. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g** *et seq.*

40. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

42. Pursuant to 15 U.S.C. § 1692g(b):

   Disputed debts:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt</u>, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

43. Defendant violated this section by continuing to call and harass Plaintiff after receiving multiple disputes of the subject debts, in violation of § 1692g(b).

44. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

45. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

47. Pursuant to 15 U.S.C. §1692d, a debt collector may not cause a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ashley Williams demands judgment from Defendant Weltman, Weinberg & Reis Co., L.P.A. as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 25, 2021                                  Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff*